IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC MARTINEZ, | : |
|     Petitioner | : |
|     v. | : Case No. 3:25-cv-43-KAP |
| COLETTE PETERS, DIRECTOR, | : |
| BUREAU OF PRISONS, et al., | : |
|     Respondents | : |

### Memorandum Order

    Petitioner, who also spells his first name "Erick," *see* Martinez v. Underwood, Case No. 3:24-cv-158-KAP (W.D.Pa. August 28, 2025) is currently an inmate at U.S.P. Canaan and formerly an inmate at F.C.I. Loretto, from which prison he filed a petition at ECF no. 4 for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241, challenging the Bureau of Prisons' computation of his Earned Time Credits under the First Step Act. The petition and accompanying affidavit have a date of January 22, 2025 and describe the administrative remedy process as "pending:" Martinez alleges that his BP-10 was not timely answered and that he sent his BP-11 to the BOP's central office a week earlier on January 14, 2025.

    Martinez claims that he need not exhaust administrative remedies. Using the formulaic language in almost all similar petitions from Loretto he claims that "The resolution of a statutory construct does not require administrative remedies," and "Furthermore administrative remedies are not required when the process is futile." I assume that the first sentence intends to assert the correct statement that when the dispositive issue is one of statutory construction the remedy process is not necessary. However, the issues presented in the petition are not ones of statutory construction but rather factual computation; there is also no support for the claim that resort to the administrative process is futile.

    Without needing to accept the respondent's contradictory description of Martinez's resort to the administrative remedy process, *see* Response, ECF no. 13 at 5, the petition is dismissed for failure to exhaust administrative remedies. As the Supreme Court explained, when discussing the general purpose of exhaustion requirements in the course of deciding that proper exhaustion is necessary for cases under the Prison Litigation Reform Act:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring

> proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Pozo,* 286 F.3d, at 1024 (emphasis in original). This Court has described the doctrine as follows: "[A]s a general rule … courts should not topple over administrative decisions unless the administrative body not only has erred, *but has erred against objection made at the time appropriate under its practice.*" *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 37, 73 S.Ct. 67, 97 L.Ed. 54 (1952) (emphasis added). See also *Sims v. Apfel,* 530 U.S. 103, 108, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000); *id.,* at 112, 120 S.Ct. 2080 (O'Connor, J., concurring in part and concurring in judgment) ("On this underlying principle of administrative law, the Court is unanimous"); *id.,* at 114–115, 120 S.Ct. 2080 (BREYER, J., dissenting); *Unemployment Compensation Comm'n of Alaska v. Aragon,* 329 U.S. 143, 155, 67 S.Ct. 245, 91 L.Ed. 136 (1946); *Hormel v. Helvering,* 312 U.S. 552, 556–557, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); 2 K. Davis & R. Pierce, Administrative Law Treatise § 15:8, pp. 341–344 (3d ed.1994). Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.

Woodford v. Ngo, 548 U.S. 81, 90–91 (2006)(footnote omitted, emphasis in original). Petitions from Loretto reflect the mistaken belief of their author that any use of the administrative remedy system coupled with citations to Goodman v. Ortiz, 2020 WL 5015613 (D.N.J. Aug. 25, 2020) and United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954) dispenses with the need to use administrative remedy process properly. It wastes judicial resources when a petitioner fails to comply with the reasonable procedural requirements of the BOP's administrative remedy process and expects the habeas proceeding to be the forum in which both facts and legal arguments are developed.

     The petition is denied without prejudice to filing a petition after exhaustion of administrative remedies.

DATE: September 9, 2025

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Erick Martinez, Reg. No. 15329-055
U.S.P. Canaan
P.O. Box 200
Waymart, PA 18472